# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1621
_____

United States of America

*Plaintiff - Appellee*

v.

Marquis Hunt

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: January 16, 2026
Filed: July 20, 2026
[Unpublished]
_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.
_____

PER CURIAM.

After a jury found Marquis Hunt guilty of four counts of drug trafficking, the district court[1] sentenced him to 360 months' imprisonment, followed by 5 years' supervised release. Hunt appeals, arguing that the district court imposed a

_____

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

substantively unreasonable sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

In 2022, the Government charged Hunt and 34 others in a 61-count indictment for alleged drug-trafficking activity and later filed a superseding indictment as to all defendants. These indictments charged all defendants with conspiracy to distribute and possession with intent to distribute cocaine, methamphetamine, and marijuana; they also contain a series of additional charges against various combinations of defendants. Subsequently, the district court granted the Government's motion to dismiss his conspiracy charge as well as the parties' joint motion to sever the remaining charges against him. In August 2024, Hunt was charged alone in a six-count third superseding indictment with four drug trafficking offenses: possession with intent to distribute methamphetamine, marijuana, cocaine, and fentanyl, and two firearm offenses: possession of a firearm in furtherance of a drug-trafficking crime and being a felon in possession of a firearm. Hunt proceeded to trial in October 2024.

At trial, law enforcement agents testified that after learning that Hunt's residence was being used as a "trap house," a slang term for a place where illicit drugs are bought, sold, or used, United States v. Perez, No. 24-1286, 2025 WL 943106, at *1 (8th Cir. Mar. 28, 2025), they searched it and found drugs and drug paraphernalia. Agents recovered marijuana, methamphetamine, cocaine, and fentanyl, as well as a digital scale and a Taurus 9mm pistol. Additionally, they located a K2 grow house outside the residence, which was used to make K2 synthetic marijuana. The jury found Hunt guilty of the four drug trafficking counts; it found him not guilty of the two firearm counts.

At sentencing, the district court adopted the United States Probation Office's Presentence Investigation Report (PSR). The PSR calculated Hunt's total offense level as 37 and his criminal history as Category VI, resulting in a United States Sentencing Guidelines range of 360 months to life imprisonment. The district court

sentenced him to 360 months' imprisonment.[2]  Hunt argues that the district court abused its discretion by improperly weighing the 18 U.S.C. § 3553(a) sentencing factors and imposing a substantively unreasonable sentence.  He contends that he received a significantly longer sentence than the leaders of the drug conspiracy, who he claims are more culpable than he was.

We "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation omitted).  A district court abuses its discretion when it (1) "fails to consider a relevant factor that should have received significant weight," (2) "gives significant weight to an improper or irrelevant factor," or (3) "commits a clear error of judgment in weighing" the appropriate factors.  United States v. McCauley, 715 F.3d 1119, 1126-27 (8th Cir. 2013) (citation omitted).  The district court "has wide latitude to weigh the section 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Richart, 662 F.3d 1037, 1054 (8th Cir. 2011) (citation omitted).  A within-Guidelines range sentence, like Hunt's sentence here, is presumptively reasonable.  See United States v. Dolehide, 663 F.3d 343, 349 (8th Cir. 2011).

We conclude that the district court did not abuse its discretion in considering and applying the 18 U.S.C. § 3553(a) factors.  Hunt argues that his sentence is unreasonable because his more culpable co-conspirators received lighter sentences.  As an initial matter, Hunt was not tried or convicted on a conspiracy charge.  Instead, he was tried, convicted, and sentenced for his individual conduct—possessing a large quantity of controlled substances with intent to distribute.  In any event, the district court noted that Hunt's relentless criminal history was "'whol[ly]' different" than the criminal histories of his former co-defendants, many of whom had little or no criminal history.  Differences in criminal history constitute a legitimate sentencing distinction, and "[i]t is not an abuse of discretion for a district court to

---

[2]The district court imposed 360 months on Count 1, 240 months on Count 2, 60 months on Count 3, and 360 months on Count 6, all to run concurrently.

impose a sentence that results in a disparity between co-defendants when there are 'legitimate distinctions' between" them. United States v. Mohamed, 757 F.3d 757, 762 (8th Cir. 2014) (alteration in original) (citation omitted). Moreover, Hunt's disagreement with the weight the district court assigned to particular factors in the § 3553(a) analysis does not demonstrate an abuse of discretion. See Richart, 662 F.3d at 1054 ("Simply because the district court weighed the relevant factors more heavily than [the defendant] would prefer does not mean the district court abused its discretion."). Accordingly, we conclude that the district court did not abuse its discretion in imposing a sentence of 360 months' imprisonment.

For the foregoing reasons, we affirm the judgment of the district court.

_____